IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2004

## STATE OF TENNESSEE v. WILLIAM CARTWRIGHT

**Direct Appeal from the Circuit Court for Sequatchie County**
**No. 4169     Thomas W. Graham, Judge**

———————————

**No. M2004-00268-CCA-R3-CD - Filed December 15, 2004**

———————————

Defendant, William Cartwright, pled guilty to one count of attempt to manufacture methamphetamine, a Class D felony. Pursuant to the plea agreement, Defendant received a sentence of three years as a Range I standard offender with the manner of service of his sentence to be determined by the trial court. After a sentencing hearing, the trial court ordered Defendant to serve his sentence in confinement. Defendant appeals, arguing that the trial court erred in denying him alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellant, William Cartwright.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

The record before us does not include a transcript of Defendant's guilty plea submission hearing, and we are, therefore, precluded from conducting a *de novo* review of the nature and circumstances of the offense other than as may be gleaned from the pre-sentencing report and the limited testimony presented at the sentencing hearing. *See* Tenn. Code Ann. § 40-35-210(b)(4). This Court must presume that the trial court ruled correctly when presented with an inadequate record on appeal. *See State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The appealing party bears the burden of preparing a complete and adequate record for the issues presented on appeal. *See* Tenn. R. App. P. 24(b). Nevertheless, we will review the record that is available in this appeal.

Defendant's daughter, Lora Cartwright, testified at the sentencing hearing that her father was first introduced to methamphetamine about two or three years prior to the hearing by Gail Stewart, a woman with whom Defendant lived for a period of time. Ms. Cartwright said that Defendant no longer lived with Ms. Stewart but admitted that Ms. Stewart would come by the house "ever[y] now and then." Ms. Cartwright agreed that she had not seen anything that would lead her to believe that Defendant was taking methamphetamine any more than once every three or four weeks.

Ms. Cartwright agreed that Defendant's bond for the current offenses was revoked because he failed to make a court appearance but explained that Defendant thought he was supposed to appear in court in the afternoon rather than the morning. Ms. Cartwright said that Defendant currently cared for her son while she worked, but was not otherwise employed because he suffered from a bad back. She stated that Defendant had never participated in a drug rehabilitation program because he did not have insurance.

According to the pre-sentencing report Defendant has four prior misdemeanor convictions including a conviction in 1996 for simple possession of marijuana. He was sentenced to eleven months, twenty-nine days for his drug conviction, all of which was suspended, and Defendant placed on probation. In 1973, Defendant was convicted of two counts of third degree burglary. He was sentenced to four years, eleven months, twenty-nine days in the Tennessee Department of Correction for each conviction.

Defendant admitted in the pre-sentencing report that he had been taking methamphetamine about five years but said that he gave the drug up because he could not afford it. Defendant later admitted that he had taken methamphetamine about three weeks prior to the interview.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this Court conducts a *de novo* review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Because Defendant was convicted as a Range I standard offender of a Class D felony, he is entitled to the statutory presumption favoring alternative sentencing. Tenn. Code Ann. §§ 40-35-102(5) and (6). When determining if incarceration is appropriate, a trial court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to

-2-

commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. *Id*. § 40-35-210(b)(5); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); *Boston*, 938 S.W.2d at 438.

In conducting a *de novo* review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentencing report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or enhancement factors; (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; *see Ashby*, 823 S.W.2d at 168. Again, the failure to include a transcript of the guilty plea hearing in the record on appeal prohibits this Court's conducting a full *de novo* review, and that leads to a presumption that the trial court's decision is correct. *State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999).

Defendant argues that the record does not support a finding that any of the factors enumerated in Tennessee Code Annotated section 40-35-103(1)(A)-(C) are applicable, and a sentence of confinement was thus inappropriate. The trial court, while mentioning the need to avoid depreciating the seriousness of the offense, placed little weight on this factor, observing that all offenses embodied an element of seriousness. Although Defendant argues that he does not have a long history of criminal conduct, the evidence established that he has two prior felony convictions and four misdemeanor convictions, and the misdemeanor convictions were all related to substance and alcohol abuse. Moreover, Defendant admitted that he had continued to use methamphetamine even after being indicted for manufacture of the drug. Furthermore, the pre-sentencing report includes the report of an officer who participated in the search of Defendant's residence, which led to these charges. When the law enforcement agents arrived, Defendant fled the premises and ran "into the mountains" and eluded the agents. This weighs heavily against Defendant's amenability to rehabilitation.

Defendant was granted probation in connection with his most recent conviction in 1996. Although the record does not indicate that Defendant had any problems successfully completing the terms of his probation, the trial court observed that his probated sentence was ultimately unsuccessful because it did not deter Defendant from continuing to use drugs or encourage him to seek a drug rehabilitation program. In addition, the trial court found that Defendant's continued use of methamphetamine demonstrated a lack of potential for rehabilitation. Tenn. Code Ann. § 40-35-103(5); *see State v. Bottoms*, 87 S.W.3d 95, 105 (Tenn. Crim. App. 2001)(The defendant's inability to refrain from illegal use of drugs was properly considered by the trial court as demonstrating a lack of potential for rehabilitation.)

The trial court found that

[Defendant] has a drug problem now that he has not gotten under control or he certainly wouldn't be using methamphetamine within [the] last few weeks, so we know he still has the problem which means he's going to continue to violate the law by getting around the stuff any chance he can. Hopefully, he wouldn't manufacture, but if he wants it he'll be buying it and possessing it and all that sort of thing. If he's incarcerated he can't do that for that period of time, which might be of benefit to him. Of course, he ought to get some drug treatment, I suppose, but they can do that also. I think all things considered in this case with the record that he has and that fact that he did get a probation even relatively recently in a drug offense, that incarceration probably is the best thing.

Based on our review of the available record, and the fact that the transcript of the guilty plea hearing is not included in the record, we conclude that the presumption of alternative sentencing was sufficiently rebutted in this case and that the trial court did not err by imposing a sentence of confinement.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-